# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-KA-01156-SCT

*DARYL SHINN*

*v.*

*STATE OF MISSISSIPPI*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/2013 |
| TRIAL JUDGE: | HON. LEE SORRELS COLEMAN |
| TRIAL COURT ATTORNEY: | CARRIE JOURDAN |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT MELANIE DOTSON THOMAS |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 12/03/2015 |
| MOTION FOR REHEARING FILED: | 09/22/2014 |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing was granted by order entered on January 15, 2015.  The

original opinion was withdrawn and the following opinion is substituted therefor.

¶2.     Daryl Shinn was convicted of armed robbery and sentenced to twenty years in prison.

He appealed, arguing that his conviction was contrary to the overwhelming weight of the

evidence. We disagreed and affirmed his conviction. Upon granting Shinn's motion for rehearing, we withdrew our original opinion. We again affirm his conviction and decline to address his claims of ineffective assistance of counsel so as to preserve his right to pursue post-conviction relief.

## FACTS AND PROCEDURAL HISTORY

¶3.    On June 12, 2011, Tiya's Market in Columbus was robbed at gunpoint. After speaking with store employees and another eyewitness, the police developed Shinn as a suspect. They showed the store cashier a photo lineup, and she identified Shinn as the gunman. Shinn's mother gave permission to police to search her home (where Shinn resided), and the police recovered clothing from under Shinn's mattress that matched the description of that described by the eyewitnesses. Shinn was arrested and indicted for armed robbery in violation of Mississippi Code Section 97-3-79. He was tried on May 20-22, 2013, and the jury found him guilty.

¶4.    At trial, the State presented five witnesses in its case-in-chief: store employees Christine Collins and Arthur Harrison, bystander eyewitness Tomeeker Drake, and Investigators Terry Dentry and L.C. Cockrell. After the State rested its case-in-chief, Shinn requested a directed verdict, which the trial court denied. Shinn then presented four witnesses in his defense: Javaris Cox, Malcom Turner, Travis Barker, and Mary Shinn. The State presented a brief rebuttal after the defense rested, recalling Investigators Dentry and Cockrell and calling Police Chief Selvain McQueen.

¶5.     Shinn renewed his motion for directed verdict, which the trial judge again denied. After deliberation, the jury found Shinn "guilty as charged." The judge sentenced Shinn to twenty years in prison, to run consecutively with the sentence he already was serving.[1] Shinn filed a Motion for Judgment Notwithstanding the Verdict, or, In the Alternative, For a New Trial, which the trial judge denied. Shinn appealed, arguing one point of error – that his conviction was contrary to the overwhelming weight of the evidence. Finding no error, we affirmed. *Shinn v. State*, 2014 WL 4373195 (Miss. Sept. 4, 2014), *opinion withdrawn on grant of rehearing* (Jan. 15, 2015).

¶6.     Shinn then filed a petition for rehearing, correctly asserting that he had been denied by the Court the opportunity to file his own brief, *pro se,* during our consideration of his direct appeal. We originally had denied him leave to file his *pro se* brief because, at the time, his appellate counsel had not yet submitted their principal brief or the appeal record. After consideration of Shinn's petition for rehearing, we withdrew our opinion and accepted his *pro se* brief. *See id.* On rehearing, Shinn's *pro se* brief alleges three claims of ineffective assistance of counsel.

## STANDARD OF REVIEW

¶7.     "A motion for a new trial challenges the weight of the evidence." *Taylor v. State*, 110 So. 3d 776, 784 (Miss. 2013). "A motion for a new trial should be granted only in 'exceptional cases in which the evidence preponderates heavily against the verdict.'"

---

[1]Shinn's previous conviction was for armed robbery as well. It appears from the record that he pleaded guilty to the previous charge and was serving time on that charge during his 2013 trial.

*McLymont v. State*, 118 So. 3d 148, 150 (Miss. 2013). "'When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.'" *Id.* "This occurs only if reasonable men could not have found the defendant guilty based on the evidence when it is viewed in the light most favorable to the verdict." *Flowers v. State*, 156 So. 3d 805 (Miss. 2013).

## ANALYSIS

¶8.     We find that Shinn's conviction certainly does not rise to the level of an "unconscionable injustice." Christine Collins testified unequivocally that Shinn was the robber. While some might question Collins's ability to identify Shinn simply from his previous visit to the store, it is not the duty of an appellate court to determine credibility: "'Credibility is a question of fact that must be decided by the jury. Indeed, the Court consistently holds that decisions as to the weight and credibility of a witness's statement are the proper province of the jury, not the judge.'" *Watkins ex rel. Watkins v. Mississippi Dep't of Human Servs.*, 132 So. 3d 1037 (¶ 22) (Miss. 2014) (citations omitted). Furthermore, Collins was able to pick Shinn out of a photo lineup following the crime.

¶9.     Tomeeker Drake also testified unequivocally that Shinn was the robber. While Drake may have been inconsistent on the details of Shinn's clothing and whether she knew where the gun was, she never wavered in her identification of Shinn as the gunman. She testified clearly that she had known Shinn prior to the robbery, that she "knew him when she saw

4

him," and that he was the individual coming out of Tiya's with a gun. Shinn argues that Drake's testimony is unreliable because she waited a few days after the robbery to contact police, and then only after she realized she would get a reward. Again, it is not the Supreme Court's duty to determine the credibility of witnesses. The jury was made aware that Drake had received a reward for her information and apparently found her reliable regardless of that fact.

¶10. Investigator Cockrell testified that Collins was able to pick Shinn out of a photo lineup, and both he and Investigator Dentry testified that they had found a green hat and a green shirt under Shinn's mattress during the search of his residence.

¶11. Shinn offered three alibi witnesses in his defense. But the problem with the alibi witnesses was that they could not remember the date and time that the officers came by, when the witnesses could confirm that Shinn was present. In contrast, the State offered uncontroverted testimony that Selvain McQueen had canvassed the neighborhood the day *after* the robbery and had talked with Malcolm Turner – a conversation that Turner confirmed. And, although Mary Shinn testified that she had told Investigator McQueen that Shinn was home during the robbery, she too seemed to be confused about the day, as she equated the day of the robbery with the day that Investigator McQueen stopped by her house.

¶12. After we granted Shinn's Motion for Rehearing, he filed his own *pro se* brief for consideration. In it, he asserts three distinct issues of ineffective assistance of counsel during both the guilt and sentencing phases of his trial. The Court generally declines to address claims of ineffective assistance of counsel on direct appeal, unless the issues are "based on

5

facts fully apparent from the record." M.R.A.P. 22(b); *see also **Archer v. State***, 986 So. 2d 951, 955 (¶¶ 15-16) (Miss. 2008). "This is because during direct appeals, the Court is limited to the trial court record in its review of the claim, and there may be instances in which insufficient evidence exists within the record to address the claim adequately." ***Archer***, 986 So. 2d at 955 (¶ 15) (citing ***Wilcher v. State***, 863 So. 2d 776, 825 (¶ 171) (Miss. 2003)). The trial record, standing alone, does not validate Shinn's claims of ineffective assistance of counsel, and so we decline to address them. Our decision fully preserves Shinn's "right to argue the issue through a petition for post-conviction relief." ***Read v. State***, 430 So. 2d 832, 837 (Miss. 1983).

## CONCLUSION

¶13.    Based on all of the testimony and evidence in the case *sub judice*, further detail of which is unnecessary for purposes of this opinion, we again find that Shinn's conviction is not "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." ***McLymont v. State***, 118 So. 3d at 150. After due consideration of Shinn's Brief of the Appellant filed on rehearing, we affirm the judgment of the Lowndes County Circuit Court.

¶14.    **CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY (20) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE IN THIS CAUSE SHALL RUN CONSECUTIVELY TO THE SENTENCE IN CAUSE NUMBER 2010-0481-CR1C. APPELLANT SHALL PAY ALL COURT COSTS.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.**