# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-02126-COA

TIMOTHY ALLEN MCCOY A/K/A TIMOTHY MCCOY                   APPELLANT

v.

STATE OF MISSISSIPPI                                       APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/11/2013 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES JUSTIN TAYLOR COOK TIMOTHY ALLEN MCCOY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNTS I-IV, SEXUAL BATTERY, AND COUNT V, EXPOSING ANOTHER TO HIV, AND SENTENCED TO THIRTY YEARS FOR COUNT I, TWENTY-FIVE YEARS FOR COUNT II, TEN YEARS FOR COUNT III, TEN YEARS FOR COUNT IV, AND TEN YEARS FOR COUNT V, WITH THE SENTENCES IN COUNTS I-IV TO RUN CONSECUTIVELY AND THE SENTENCE IN COUNT V TO RUN CONCURRENTLY WITH THE SENTENCES IN COUNTS I-IV, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND ORDERED TO PAY A $10,000 FINE AND TO REGISTER AS A SEX OFFENDER |
| DISPOSITION: | AFFIRMED - 04/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Timothy McCoy appeals his convictions of four counts of sexual battery and one count of exposing another to human-immunodeficiency virus (HIV) and sentence of seventy-five years.  McCoy's appellate counsel takes no issue on appeal with McCoy's convictions.  Rather, counsel argues we should remand this matter for resentencing because the trial judge expressed bias during sentencing.  McCoy has filed a pro se supplemental brief, also arguing the judge was biased and the sentence should be reversed.  In addition, McCoy argues his trial counsel was ineffective, the evidence was insufficient to support the verdict, and the sentence was disproportionate to the crimes charged.  We find no error and affirm.

## FACTS

¶2.     McCoy and G.G.[1] met online through a social-networking website for homosexual men.  In 2012, they decided to meet in person.  McCoy testified he was forty-one years old at the time.  G.G. testified he was fifteen.  G.G. gave McCoy the address to his father's house in Newton County near Decatur, Mississippi.  McCoy drove to the house at approximately 2 a.m.  G.G. sneaked out and got in McCoy's car.  McCoy then drove G.G. to a secluded spot on a dirt road about two miles away.

¶3.     G.G. testified that they had discussed meeting for sex while chatting online, but that they did not discuss anything in the car while McCoy was driving.  G.G. testified that McCoy parked the car, and he and McCoy performed oral and anal sex on each other.  McCoy then

---

[1] We have substituted initials for the minor victim's name to protect his identity.

took him home.  G.G. testified the encounter lasted less than an hour and occurred in mid-April 2012, although G.G. could not remember the specific date.  G.G. testified that he had told McCoy he was fifteen in their online conversations prior to the encounter.  G.G. also testified that McCoy denied having any sexually transmitted diseases, and that condoms were not used or mentioned.  G.G. testified McCoy told him he was thirty-four, lived in Meridian, Mississippi, and worked at Walmart.  G.G. testified McCoy had sent him nude pictures of himself prior to their meeting.  At the time of the encounter, G.G. lived with his mother and stepfather and was visiting his father for the weekend in Newton County.

¶4.    McCoy admitted that the encounter occurred.  However, he testified that he first communicated with G.G. online on July 22, 2012, and the encounter took place on Saturday, July 28, 2012, shortly after G.G.'s sixteenth birthday on July 12.  McCoy testified that he drove to G.G.'s father's house at 2 a.m. to pick up G.G.  McCoy testified that once they reached the secluded spot on the dirt road, he told G.G. he was HIV positive.  McCoy testified that although he was hesitant at first, G.G. agreed to the sexual acts with the use of a condom.  McCoy stated he performed oral sex on G.G. and then took him home.  McCoy testified G.G. told him he was eighteen.  He denied telling G.G. he was thirty-four, lived in Meridian, or worked at Walmart.

¶5.    G.G.'s mother testified that she became concerned about G.G.'s behavior, and, in May 2012, began looking at his phone and phone records.  She discovered naked pictures of men and sexually explicit text messages.  G.G.'s parents turned over this information to police.  On September 10, 2012, a warrant was issued for McCoy's arrest.  Investigator Brian Kelly

and Deputy Sammy Stevens with the Newton County Sheriff's Department interviewed McCoy on September 11, 2012. McCoy signed a waiver of rights and agreed to give a voluntary statement. Both Investigator Kelly and Deputy Stevens testified that McCoy admitted that he met G.G. online, that he drove to G.G.'s father's home at 2 a.m. to pick up G.G., that he drove G.G. to a secluded spot on a dirt road, that he and G.G. exchanged oral and anal sex, that he was HIV positive, and that condoms were not used. Investigator Kelly testified McCoy stated he lived in Philadelphia, Mississippi.

¶6. At the conclusion of trial held on April 9, 2013, the jury convicted McCoy of four counts of sexual battery (Counts I-IV) and one count of exposing G.G. to HIV (Count V). He was sentenced to thirty years on Count I, twenty-five years on Count II, ten years on Count III, ten years on Count IV, and ten years on Count V. The sentences in Counts I-IV were ordered to run consecutively, and the sentence in Count V was ordered to run concurrently with the sentences in Counts I-IV, for a total of seventy-five years to serve. He was ordered to pay a $10,000 fine and to register as a sex offender.

¶7. McCoy's posttrial motions were denied. He now appeals.

## DISCUSSION

### I. Alleged Bias in Sentencing

¶8. McCoy argues that the trial judge expressed a personal prejudice against McCoy's sexual orientation, and that this alleged prejudice resulted in an unduly harsh sentence. He seeks remand for resentencing before a different judge.

¶9. The Mississippi Code of Judicial Conduct, Canon 3(B)(5), states: "A judge shall

4

perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon . . . sexual orientation." A judge is presumed to be qualified and unbiased. *Jones v. State*, 841 So. 2d 115, 135 (¶60) (Miss. 2003). "[T]his presumption may only be overcome by evidence which produces a reasonable doubt about the validity of the presumption." *Id.*

¶10.    The follow exchange took place during sentencing:

BY THE COURT:    . . . Well, Timothy Allen McCoy, I consider myself a normal person, and I don't understand fully what you have—you yourself have testified in that you are homosexual, that you are attracted to someone for physical activities. I want you to tell me why is it that you as a forty-one year old man was [sic] attracted to a fifteen year old boy for sexual activity?

BY [McCOY]:    At the time, sir, I did not know that he was fifteen.

BY THE COURT:    How old did you think he was?

BY [McCOY]:    . . . [H]e said he was eighteen.

BY THE COURT:    All right. That is still a minor child in my opinion.

BY [McCOY]:    Yes, sir, I understand.

BY THE COURT:    Why is it that you was [sic] attracted to him?

BY [McCOY]:    I can't answer that, sir.

. . . .

BY THE COURT:    You've done it before? . . . This is not your first experience?

BY [McCOY]:    With—

5

BY THE COURT:     Anyone?

BY [McCOY]:     No, it's not my first experience with anyone, no, sir.

. . . .

BY THE COURT:     All right.  All right.  You know that that type of activity was wrong, did you not? . . .  That a forty-one year old man should not have sex with a person, a male person, who is either fifteen or eighteen? . . .  [Y]ou knew it was wrong to have sex with an eighteen year old person or a fifteen year old person, did you not?

BY [McCOY]:     Yes, sir.

BY THE COURT:     Why did you do it?

BY [McCOY]:     I don't [sic] know at the time, sir. . . .  Actually, Your Honor, I had a I guess drug problem at the time.  I was on Lortab[].

BY THE COURT:     That's an excuse not a justification . . . .

. . . .

BY THE COURT:     In . . . reviewing your activities, I refer again to the sentencing statute, and my thoughts regarding sentences [are] controlled by the fact that you have some education, including some education in college, and that you as an adult man, forty-one years old, with your background, knowing what's involved with you having sex with a minor person, that you joined with that young fellow, not knowing him, and taking him in your car and driving a short distance to a dirt road with a strange person and having anal sex and fellatio at a time when you had HIV, knowing what you were doing, knowing that this was a minor child, soliciting him to a wrongful act, an act that shocks the conference [sic] of people of this country, that you would do that to a minor child, causing that child possibly to live a life such as you.  He will have this life for the remainder of his life.  Perhaps, he will become a

6

person as you because he has had now we know, I know, a sexual experience which, if you want to call it sexual. He has that life. Perhaps, he will not have a job, and perhaps he will be ridiculed and [it is] not likely he'll be accepted in the general society as you are not accepted in generally accepted [sic]. He will live a life in secretion [sic].

¶11. The State concedes that sexual orientation should not be considered an aggravating factor during sentencing. However, the State argues the judge's comments were not sufficient to overcome the presumption that he was unbiased and impartial. We agree. While a trial judge should not express bias or render a decision based on sexual orientation, we cannot find such to be the case here. McCoy speculates that the judge's comments suggested bias and resulted in a harsher sentence. However, "[m]ere speculation is not sufficient to raise a reasonable doubt as to the validity of the presumption that the trial judge was qualified and unbiased." *Farmer v. State*, 770 So. 2d 953, 958 (¶13) (Miss. 2000).

¶12. During sentencing, the judge's focus centered around multiple aggravating factors. The judge considered G.G.'s age, fifteen, compared to McCoy's age, forty-one. The judge also considered G.G.'s testimony that he told McCoy he was fifteen. A serious aggravating factor was McCoy's admission to police that he knew he was HIV positive at the time of the encounter and that no condoms were used. Another serious aggravating factor was McCoy's admission that he drove in the middle of the night to meet G.G. at 2 a.m., waited in his car on the street outside G.G.'s father's house, and drove G.G. to a secluded spot on a dirt road where the sexual encounter occurred. The judge questioned McCoy regarding his prior criminal activity, which included four misdemeanor charges or convictions in Georgia

7

between 1990 and 2001, including enticing a child. McCoy was allowed to speak on his own behalf, and he stated he was sorry for his actions. The judge asked who initiated his and G.G.'s contact online, and McCoy stated G.G. did.

¶13. Our supreme court has consistently held that "[s]o long as the sentence imposed is within the statutory limits, sentencing is generally a matter of trial court discretion. [The appellate court] will not review the sentence[] if it is within the limits prescribed by statute." *Jones v. State*, 669 So. 2d 1383, 1393 (Miss. 1995) (citations omitted). McCoy faced a potential 130-year sentence. *See* Miss. Code Ann. § 97-3-101(2)(b) (Rev. 2014) (maximum thirty-year sentence for sexual battery); Miss. Code Ann. § 97-27-14(3) (Rev. 2014) (maximum ten-year sentence for exposing another person to HIV). McCoy's seventy-five-year sentence was less than the statutory maximum. For this reason, coupled with the fact that McCoy has not proven the judge was biased or that the alleged bias affected his sentence, this issue is without merit.

## II.    Ineffective Assistance of Counsel

¶14. To prove ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[T]here is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Even if counsel's conduct is deemed to be "professionally unreasonable," the jury's verdict must stand "if the error had no effect on the judgement." *Id.* at 691.

¶15. This Court "generally declines to address claims of ineffective assistance of counsel

8

on direct appeal, unless the issues are 'based on facts fully apparent from the record.'" *Shinn v. State*, 179 So. 3d 1006, 1009 (¶12) (Miss. 2015) (quoting M.R.A.P. 22(b)). "This is because during direct appeals, [our review] is limited to the trial court record in its review of the claim, and there may be instances in which insufficient evidence exists within the record to address the claim adequately." *Id.*

### A. Failure to Call Alibi Witnesses, Make Certain Objections, and Ask Certain Questions

¶16. McCoy argues his counsel was ineffective because he failed to call alleged alibi witnesses, failed to make objections to various testimony, and failed to ask certain questions on cross-examination. McCoy's allegations that his attorney was ineffective under this assignment of error "are based on facts not fully apparent from the record." *Sandlin v. State*, 156 So. 3d 813, 819 (¶20) (Miss. 2013). Because the trial record alone does not support these claims of ineffective assistance of counsel, we decline to address them. However, we preserve McCoy's "right to argue the issue through a petition for post-conviction relief." *Shinn*, 179 So. 3d at 1009 (¶12). This argument is dismissed without prejudice.

### B. Failure to Make Argument in Motion for Directed Verdict

¶17. McCoy next argues his counsel failed to argue in his motion for a directed verdict that the State did not prove the crimes occurred on April 13, 2012. McCoy argues he was innocent of the sexual-battery charges because the encounter occurred in July 2012, after G.G. turned sixteen. *See* Miss. Code Ann. § 97-3-95(1)(c) (Rev. 2014) (Sexual battery is committed when a person "engages in sexual penetration with . . . [a] child at least fourteen

9

(14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child[.]").

¶18. This issue can be determined on the record before us. In moving for a directed verdict at the close of the State's case-in-chief, McCoy's counsel stated:

> The State has the obligation of proving that with Counts One through Four, the sexual encounter occurred between [McCoy] and [G.G.] at a point in time when [G.G] was under the age of sixteen. They have failed to demonstrate that this occurred on the precise date and time that they're claiming it happened, and that's a crucial element of their case[.]

¶19. McCoy's assertion that counsel did not make this particular argument is contradicted by the record. This argument is without merit.

### III.    Sufficiency of the Evidence

¶20. When reviewing the sufficiency of the evidence, we must consider "whether the evidence shows beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]" *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005). The conviction must be reversed and rendered if "the facts and inferences . . . point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty[.]" However, if "reasonable fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence will be deemed to have been sufficient." *Id.* The evidence is viewed in the light most favorable to the State. *Id.*

¶21. To prove McCoy committed sexual battery, the State was required to show that

McCoy "engage[d] in sexual penetration with . . . [a] child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child[.]" Miss. Code Ann. § 97-3-95(1)(c). To prove he was guilty of exposing another to HIV, the State had to prove that McCoy "knowingly expose[d] another person to [HIV]." Miss. Code Ann. § 97-27-14(1) (Rev. 2014). "Prior knowledge and willing consent to the exposure is a defense" to the charge of exposing another to HIV. *Id.*

¶22. McCoy argues the State failed to prove the elements of sexual battery because conflicting evidence was presented as to the date of the sexual encounter. He asserts the evidence showed the first contact occurred on July 22, 2012, and the sexual encounter occurred on July 28, 2012, after G.G. turned sixteen, rather than April 13, 2012, as charged in the indictment. McCoy argues his convictions on Counts I-IV should not be based on G.G.'s testimony alone as to when the encounter occurred. However, G.G. was not the only one who testified that the encounter occurred in mid-April, while he was fifteen. G.G.'s mother testified that she became suspicious and began reviewing G.G.'s phone records on "Mother's Day of 2012," which was in May, and discovered communication with McCoy. Investigator Kelly testified that based on his interview of G.G., conversations with G.G.'s parents, and phone records, he determined the date of the meeting was "on or about" April 13, 2012. While Investigator Kelly admitted he could not pinpoint the specific date, he determined the conduct occurred during the weekend of April 13-15, 2012; thus, his report states "on or about" April 13. While McCoy testified that the encounter occurred on July 28, 2012, on cross-examination, when McCoy was asked if he was sure the encounter occurred

11

on July 28, 2012, he responded, "I might not be sure, but I'm almost positive that that's the date it happened."

¶23. Further, conflicting evidence was presented as to whether McCoy told G.G. he had HIV. McCoy testified he told G.G. he had HIV, and G.G. consented to the sexual activity with condoms. G.G. denied that McCoy informed him of this, or that condoms were used or mentioned. Also, Investigator Kelly and Deputy Stevens testified that McCoy admitted condoms were not used.

¶24. "Conflicting testimony does not evince overwhelming evidence[.]" *Ambrose v. State*, 133 So. 3d 786, 793 (¶23) (Miss. 2013). "[W]here the verdict turns on the credibility of conflicting testimony and the credibility of the witnesses, it is the jury's duty to resolve the conflict." *Id.* Viewing the evidence in the light most favorable to the State, we find that a reasonable jury could have found McCoy guilty beyond reasonable doubt. This issue is without merit.

### IV. Disproportionate Sentence

¶25. McCoy argues the sentence is disproportionate to the crimes charged. To prove a sentence is disproportionate, the defendant must first show the sentence "leads to an inference of 'gross disproportionality.'" *Nichols v. State*, 826 So. 2d 1288, 1290 (¶12) (Miss. 2002) (citing *Hoops v. State*, 681 So. 2d 521, 538 (Miss. 1996)). If this first factor is shown, then we will look to "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentence imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Brown v. State*, 130 So. 3d 1074,

1080 (¶18) (Miss. 2013) (quoting *Solem v. Helm*, 463 U.S. 277, 286 (1983)). "Generally, sentences that do not exceed the maximum punishment allowed by statute will not be considered grossly disproportionate and will not be disturbed on appeal[.]" *Id.*

¶26.    McCoy's seventy-five-year sentence was less than the maximum allowed by statute, and McCoy has cited no cases where a comparable crime resulted in a lesser sentence. This issue is without merit.

¶27.    **THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT OF CONVICTION OF COUNTS I-IV, SEXUAL BATTERY, AND COUNT V, EXPOSING ANOTHER TO HIV, AND SENTENCE OF THIRTY YEARS FOR COUNT I, TWENTY-FIVE YEARS FOR COUNT II, TEN YEARS FOR COUNT III, TEN YEARS FOR COUNT IV, AND TEN YEARS FOR COUNT V, WITH THE SENTENCES IN COUNTS I-IV TO RUN CONSECUTIVELY AND THE SENTENCE IN COUNT V TO RUN CONCURRENTLY WITH THE SENTENCES IN COUNTS I-IV, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY A FINE OF $10,000 AND REGISTER AS A SEX OFFENDER, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**