PAYNE, J., for the Court:
PROCEDURAL HISTORY
¶ 1. Kevin Smoot was indicted in Adams County along with several other men for the aggravated assault of Ernest Clark. The trial was set for September 5, 1997, at which time Smoot claims that the district attorney told the judge he would nolle prosse the charges against Smoot.
¶ 2. On September 30, 1998, Smoot and all of the other co-defendants, except for one, were reindicted for the same charge of aggravated assault, pursuant to Miss. Code Ann. § 97-3-7 (Rev.1994). The judge ordered separate trials for each defendant, and an Adams County Circuit Court jury found Smoot guilty of aggravated assault. Smoot was sentenced to serve twenty years with the Mississippi Department of Corrections with ten years suspended. Smoot’s motion to dismiss, motion for directed verdict, and motion for new trial were all denied. Feeling aggrieved, Smoot now appeals to this Court.
FACTS
¶ 3. On May 25, 1996, in Natchez, Mississippi, Kevin Smoot, along with several other men, assaulted Ernest Clark and severely beat him. Clark was taken to a hospital where he remained comatose for nine weeks. At the time of trial, Clark was still confined to a wheelchair, and he testified that his doctor told him he probably would never walk again. In Clark’s testimony at trial, Clark had trouble recalling the events surrounding his attack, but he did testify that Smoot had hit him in the back of the head with a brick, and that Smoot had joined the others in assaulting him.
¶4. Margaret Williams testified as an eyewitness. Williams stated she was sitting on her front porch with a friend the morning of the assault on Clark, and that she had heard two shots. She then saw a group of men chasing Clark, eventually catching him and proceeding to beat him. *662 Smoot declined to testify in his own defense, nor did the defense call any witnesses in Smoot’s defense.
ANALYSIS OF THE ISSUES PRESENTED
STANDARD OF REVIEW
¶ 5. With this appeal, appellant Kevin Smoot raises the following issues for our review:
I. THE COURT BELOW ERRED IN FAILING TO DISMISS THE CASE AGAINST APPELLANT KEVIN SMOOT BECAUSE THE STATE FAILED TO TIMELY REINDICT SAID APPELLANT AFTER ELECTING TO NOLLE PROSEQUI THE ORIGINAL INDICTMENT.
II. THE TRIAL COURT ERRED IN FAILING TO GRANT SMOOT’S MOTION FOR A NEW TRIAL BECAUSE THE JURY VERDICT RENDERED WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 6. Of Smoot’s two issues on appeal, the first concerns the trial court’s refusal to dismiss his case due to the statute of limitation’s having run. Since statute of limitations are questions of law, we employ a de novo standard of review with this issue. Sykes v. State, 757 So.2d 997 (¶ 4) (Miss.2000).
¶ 7. With his second issue, Smoot argues that the trial court erred in denying his motion for new trial. Our standard of review regarding a motion for new trial is stated in McClain v. State, 625 So.2d 774, 778-81 (Miss.1993):
Matters regarding the weight and credibility of the evidence are to be resolved by the jury....
Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court’s sound discretion. Procedurally such challenge necessarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion....
(citations omitted).
DISCUSSION OF THE ISSUES
I. THE COURT BELOW ERRED IN FAILING TO DISMISS THE CASE AGAINST .APPELLANT' KEVIN SMOOT BECAUSE THE STATE FAILED TO TIMELY REINDICT SAID APPELLANT AFTER ELECTING TO NOLLE PROSEQUI THE ORIGINAL INDICTMENT.
¶ 8. The crux of Smoot’s first issue concerns an alleged nolle prosse order and the timing of such order. Smoot contends that the time had passed for the State to reindict him for the same charge for which he, was originally indicted, and thus, Smoot’s motion to dismiss should have been granted. This motion to dismiss to which Smoot refers does not appear in the record but is briefly addressed in the trial transcript. Specifically, Smoot alleges that on September 5, 1997, the date his trial was to begin, the State announced in open court that it would ask the judge to nolle prosse the charges. Smoot argues that this date, rather than the date the order was actually entered, October 1, 1997, was the date the statute of limitations began to run for the State to re-file charges. As additional support, Smoot argues that on September 5 the trial court authorized several attorney’s fees orders that would indicate that the case had been rendered nolle prossed as of that date. However, as described below, these orders do not appear in the record.
¶ 9. Rule 10 of the Mississippi Rules of Appellate Procedure states, “if the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such *663 finding or conclusion.” The record on appeal contains no account of the supposed September 5, 1997, announcement of the court’s decision to nolle prosse the charges, nor does the supposed October 1, 1997, order awarding attorney fees appear in the record. Since these orders are not found in the record, nor does a transcript of the hearing at which time Smoot argues such orders were discussed appear in the record, we find the record inadequate to sustain Smoot’s arguments.
¶ 10. Next, looking to the rule regarding nolle prosse procedures, the defendant erroneously presumes that the following statute sets the time limitation for reindicting a defendant under the same charges that were initially nolle prossed:
When an indictment shall be lost or destroyed, or quashed or abated, or the judgment thereon arrested or reversed for any defect therein or in the record, or for any matter of form or other cause, not being an acquittal on the merits, the further time of one year from the time when such indictment shall be lost, destroyed, quashed or abated, or the judgment thereon arrested or reversed, shall be allowed for the finding of a new indictment.
Miss.Code Ann. § 99-1-9 (Rev.2000). Smoot argues that, according to § 99-1-9, his September 30, 1998, reindictment should be quashed, since this reindictment occurred more than a year after the State announced in open court that it would ask the judge to nolle prosse the aggravated assault charges against him, that date being September 5, 1997. Smoot misplaces his reliance on § 99-1-9 as this statute is irrelevant to the current preceding. Reading the statute, all the actions described therein are actions against the State. A decision to nolle prosse is an action by the State. Thus, we do not find this statute applicable to Smoot’s situation.
¶ 11. We look next to the actual authority under which to calculate the time for reindictment after initial charges have been nolle prossed. Smoot committed the crime on May 26, 1996. At that time, a two year statute of limitations was in effect for this crime, as directed in Miss Code Ann. § 99-1-5 (Rev.2000). This code section was amended, effective July 1,1997, to include the crime of aggravated assault within the list of crimes that are excepted from the general two year statute of limitations: “A person shall not be prosecuted for any offense, with the exception of ... aggravated assault ... unless the prosecution for such offense be commenced within two (2) years next after the commission thereof....” Miss.Code Ann. § 99-1-5. By virtue of the 1997 amendment, since there is no statute of limitations currently in place for aggravated assault, we find that the State has an unlimited timetable in which to reindict Smoot for this crime for which the charges in the original indictment were previously nolle prossed.
¶ 12. In reviewing both the previous and the current versions of § 99-1-5 together, as described above, it initially appears that an ex post facto issue arises— one statute set the time limit at two years, but a new statute withdrew a statute of limitations altogether for aggravated assault. The Mississippi Supreme Court addressed a similar situation in Christmas v. State, 700 So.2d 262 (Miss.1997), and concluded that no ex post facto issue exists in such a situation.
¶ 13. In Christmas, the defendant was charged with fondling a child, a crime defined in Miss.Code Ann. § 97-5-23 (1972). The crime was committed in June 1989, and at that time this crime fell under the general two year statute of limitations as described in Miss.Code Ann. § 99-1-5 (1972). On July 1, 1989, § 99-1-5 was amended to create a seven year statute of limitations for this crime. Christmas argued that holding him to the new seven year statute of limitations violated the rule that, “Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense in *664 order to convict the offender” is an ex post facto violation. Christmas, 700 So.2d at 265. The lower court and the supreme court both found this not to be a persuasive argument. The supreme court said that since the statute of limitations was not contained in the same code section as the one in which the crime was defined, that there was no violation:
The extension of the limitations period in no way altered the definition of the crime with which Christmas was charged. The jury found Christmas had committed acts which were against the law at the time of their commission. The new limitations period had no effect on the punishment imposed for the crime. Lastly, because Christmas could not raise the expiration of the statute of limitations at the time he committed the crime as a defense or excuse to his crime, he cannot be deprived of that defense by the extension of the limitations period.
Id. at 267. The same is true in the present case. The definition for aggravated assault can be found in Miss.Code Ann. § 97-3-7 (Rev.2000). The statute which excepts this crime from the general two-year statute of limitation is found in Miss. Code Ann. § 99-1-5 (Rev.2000). Also, the definition of aggravated assault was not changed when the statute of limitations was changed. Thus, according to the holding in Christmas, Smoot cannot claim an ex post facto violation.
¶ 14. The record is not adequate to support Smoot’s claims. Also, since aggravated assault carries with it no statute of limitations, we find that no restrictions exist upon the time in which the State may reindict Smoot for this crime. For the reasons cited herein, Smoot’s claims with this first issue are without merit.
II. THE TRIAL COURT ERRED IN FAILING TO GRANT SMOOT’S MOTION FOR A NEW TRIAL BECAUSE THE JURY VERDICT RENDERED WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 15. Smoot argues the weight of the evidence did not support the verdict and that his motion for a new trial was improperly overruled. In his motion for new trial, Smoot argued that the verdict was wrong as a matter of law, that the court improperly denied various objections, that Smoot was denied due process because sufficient evidence did not exist to support his indictment and conviction, that the court erred in failing to grant his requested instructions, that the 'court erred in denying his motion for directed verdict, that the court erred in denying his motion to dismiss, and that the court erred in denying his motion for mistrial. Basically, Smoot calls into question his whole ordeal before the trial court. Still, he has not shown how an unconscionable injustice has resulted, as all the evidence points to the guilty verdict. The evidence consisted primarily of Clark’s testimony positively identifying Smoot as one of his assailants, but also included Williams’s eyewitness testimony which implicated Smoot. Smoot presented no evidence whatsoever, called no witnesses, and offered no proof to contradict the State’s convincingly made case. The jury verdict reflected the facts presented and no unconscionable injustice resulted in Smoot’s being convicted. This issue is without merit.
CONCLUSION
¶ 16. For the foregoing reasons, we affirm the circuit court’s decision.
¶ 17. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED AND TEN YEARS POST RELEASE SUPERVISION IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
*665 McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, and THOMAS, JJ., concur.
CHANDLER, J., not participating.