## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01697-COA

**MARION O'BRYAN STRICKLAND A/K/A**        **APPELLANT**
**MARION STRICKLAND A/K/A BRYAN**
**STRICKLAND A/K/A BRIAN STRICKLAND**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/03/2014 |
| TRIAL JUDGE: | HON. SMITH MURPHEY |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD SHANE MCLAUGHLIN |
| | NICOLE H. MCLAUGHLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | JOHN CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF ENTICING A CHILD TO PRODUCE A VISUAL DEPICTION OF SEXUALLY EXPLICIT CONDUCT AND SENTENCED TO FORTY YEARS, WITH TWENTY YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TWENTY YEARS OF POST-RELEASE SUPERVISION |
| DISPOSITION: | AFFIRMED: 07/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. Marion O'Bryan Strickland was convicted of one count of enticing a child to produce

a visual depiction of sexually explicit conduct in violation of Mississippi Code Annotated

section 97-5-33(7) (Rev. 2015). The Panola County Circuit Court sentenced Strickland to forty years in prison, with twenty years to serve and twenty years of post-release supervision (PRS). Strickland appeals his conviction. This Court finds no error and affirms.

FACTS AND PROCEDURAL HISTORY

¶2. Strickland worked as a high-school teacher in the South Panola County School District, where he met K.W.,[1] a student at South Panola High School. Strickland offered to connect K.W. with a girl from Oxford, named "Jordan Smith," and then posed as Jordan in order to send text messages to K.W. Strickland used an application known as Pinger to disguise his phone number as another number and took pictures from Facebook in order to pose as Jordan.

¶3. Strickland sent messages to K.W. that quickly became sexual in nature. First, Strickland asked K.W. to send photos of himself in exchange for photographs of "Jordan." K.W. then sent a picture of his clothed buttocks. Strickland next asked for a picture of K.W.'s nude genitals, which K.W. sent in exchange for a picture of a female's genitals. K.W. stopped sending messages after he sent the photograph of his genitalia.

¶4. At trial, two other high-school boys, H.D. and M.J., testified that Strickland also attempted to set them up with a girl named Jordan. Strickland allegedly met with H.D. and offered to introduce him to a community-college recruiter. Strickland then posed as a recruiter named "Jordan" and sent text messages that turned sexually explicit. Strickland

---

[1] This Court declines to name minors in cases involving sexual misconduct.

2

requested H.D. to send photographs of himself, but H.D. declined.

¶5.     With M.J., Strickland posed as "Jordan," a freshman at Ole Miss. Strickland and M.J. also exchanged text messages with each other. Strickland sent two pictures of Jordan and asked for M.J. to send pictures of himself, but M.J. ended the contact without sending any photographs.

¶6.     A South Panola grand jury indicted Strickland on three counts of enticing a child to produce a visual depiction of the child engaging in sexually explicit conduct for the exchanges with K.W., H.D., and M.J. The State, however, only proceeded on Count I, based on his conduct with K.W. After a three-day trial, held from October 13 to October 15, 2014, the jury returned a guilty verdict. The trial court denied Strickland's post-trial motions, which Strickland now appeals.

ANALYSIS

¶7.     Strickland argues on appeal that: (1) the trial court erred in admitting evidence of Strickland's interactions with H.D. and M.J. in violation of Mississippi Rule of Evidence 404(b); (2) the trial court erroneously admitted testimony about missing text messages in contradiction to Mississippi Rule of Evidence 1002, called the "best-evidence rule"; (3) he received ineffective assistance of counsel; (4) the trial court erred in denying his request to discharge his counsel and receive new appointed counsel; and (5) the trial court erred in denying his post-trial motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. This Court will address the merits of each issue.

3

*I.   The trial court did not erroneously admit evidence of Strickland's interactions with H.D. and M.J. under Rule 404(b).*

¶8.   Strickland primarily contends that Rule 404(b) prohibited evidence of his conduct with H.D. and M.J. and that the evidence did not meet one of the exceptions in Rule 404(b). Alternatively, Strickland argues that even if the evidence met an exception to Rule 404(b)'s general prohibition, it was not properly admitted under Mississippi Rule of Evidence 403, which caused undue prejudice.   Strickland further contends that the admission of this evidence compromised his right to not testify.

¶9.   "A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence.  Unless the judge abuses this discretion so as to be prejudicial to the accused, the Court will not reverse this ruling." *Gore v. State*, 37 So. 3d 1178, 1183 (¶13) (Miss. 2010) (quoting *Price v. State*, 898 So. 2d 641, 653 (¶29) (Miss. 2005)).  Therefore, this Court must determine if the trial court abused its discretion by allowing M.J. and H.D. to testify.

¶10.   Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

"As there exists an inherent danger of prejudicial effect in the use of other acts evidence, the 404(b) exception for which the crime is introduced must be a material issue in the case. Moreover, its probative value must not be substantially outweighed by the prejudicial effect." *Leedom v. State*, 796 So. 2d 1010, 1015 (¶15) (Miss. 2001); M.R.E. 403.

4

¶11. Before trial, the trial court conducted a hearing to determine the admissibility of the evidence of Strickland's conduct with the other boys.

> "Evidence of a sexual offense, other than the one charged, which involves a victim other than the victim of the charged offense for which the accused is on trial," may be considered by the jury "if properly admitted under Rule 404(b), filtered through Rule 403, and accompanied by an appropriately-drafted limiting or cautionary instruction[.]"

*Green v. State*, 89 So. 3d 543, 549 (¶15) (Miss. 2012) (quoting *Derouen v. State*, 994 So. 2d 748, 756 (¶20) (Miss. 2008)).

¶12. In *Green*, the trial court admitted testimony from four different victims in a sexual-battery and lustful-touching case because of the "overwhelming similarities to prove motive, opportunity, intent[,] and the other factors under Rule 404(b)." *Id.* at 547 (¶9). The Mississippi Supreme Court determined that the testimony of the victims illustrated that "Green engaged in the sexual abuse of female family members in a similar manner (the same or similar acts, in the same or similar locations), when they were near the age of puberty, i.e., vulnerable, 'young and developing . . . juveniles.'" *Id.* at 549 (¶17). The supreme court found the trial court did not abuse its discretion by admitting the testimony under Rule 404(b). *Id.* at 551 (¶17). Further, the supreme court ruled the evidence properly passed through Rule 403 and ultimately concluded the trial court did not err. *Id.* at 552 (¶22).

¶13. The *Gore* court reached a similar result in affirming the trial court's decision to permit testimony from the defendant's daughter about prior sexual acts when the defendant was on trial for sexual acts he performed on his grandchild. *Gore*, 37 So. 3d at 1187 (¶¶20-21). The

5

supreme court reasoned that the trial court did not abuse its discretion in finding the evidence met the exceptions of Rule 404(b) and passed through Rule 403, and the trial court properly issued a limiting instruction. *Id.* at (¶21).

¶14. Strickland argues, however, that *Green*, *Derouen*, and *Gore* involve molestation, rape, and other physical, sexual acts that differ from the crime charged against him. This argument, however, is disingenuous because the purpose of the rule applies equally regardless of the severity of the act as long as the evidence properly meets one of the exceptions to Rule 404(b). Therefore, this Court can properly apply these cases to Strickland.

¶15. Here, the State intended to proffer the testimony of H.D. and M.J. to show Strickland's plan, knowledge, preparation, motive, and absence of mistake. The trial court conducted a hearing on the admissibility of the evidence and considered the testimony of Tim Douglas, an agent with the Mississippi Bureau of Investigation (MBI). Agent Douglas testified about his interrogation with Strickland where he admitted his involvement in texting K.W., H.D., and M.J. Agent Douglas also detailed the similarities of Strickland's actions with each boy. Strickland used Pinger to change his phone number, disguised himself as Jordan, sent sexually explicit text messages, sent inappropriate pictures, and targeted high-school-aged boys. Further, M.J. and H.D. testified that they separately sent text messages to Strickland, they both received pictures, and then both were asked to send sexually explicit pictures of themselves.

¶16. Relying on *Cole v. State*, 126 So. 3d 880, 886 (¶27) (Miss. 2013), the trial court noted that "prosecutors should clearly present the alternative purpose for the evidence, and trial judges should state the purpose for which the evidence is being admitted, and then provide the jury an appropriate limiting instruction." As such, the trial court determined the State presented sufficient reasoning that the evidence qualified under the exceptions to Rule 404(b).

¶17. Precedent also requires the trial court to scrutinize the evidence under Rule 403 before admitting it. Rule 403 states: "[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" The trial court found the evidence was "not more prejudicial than probative and it is not going to confuse the issues or mislead the jury." As such, the trial court conducted a proper analysis under Rule 403.

¶18. Even if the evidence meets an exception in Rule 404(b) and passes the balancing test in Rule 403, *Derouen* and its progeny require the trial court to issue cautionary and limiting instructions restricting the jury's consideration of the evidence. *Derouen*, 994 So. 2d at 756 (¶20). Here, the trial court issued instructions after the testimony of M.J. and H.D., as well as a jury instruction. The limiting jury instruction stated in part:

> You have heard evidence about the defendant's acts with other individuals, [M.J.] and [H.D.,] about which the defendant is not on trial before you. You are not to consider these acts as evidence that the defendant committed the crime for which he is now charged against [K.W.] You may consider the other acts with [M.J.] and [H.D.] for the limited purpose of establishing proof of motive, opportunity, identity, plan, preparation, or knowledge. You cannot

7

and must not simply infer that the defendant acted in conformity with his previous acts and that he is therefore guilty of the charge for which he is presently on trial[.]

This instruction meets the standards set forth in *Derouen* and substantially tracks the instruction language presented in *Gore*. *Derouen*, 994 So. 2d at 756 (¶20); *Gore*, 37 So. 3d at 1184 (¶14). Therefore, the trial court properly admitted the evidence.

¶19.    Strickland also contends that the admission of the evidence compromised his right to not testify. He argues that the admission of this prejudicial evidence forced him to testify on his own behalf in order to refute the allegations. To support his proposition, Strickland relies on the supreme court's decision in *Robinson v. State*, 35 So. 3d 501, 507 (¶17) (Miss. 2010). In *Robinson*, the supreme court found that the admission of improper character evidence jeopardized Robinson's constitutional right to remain silent. *Id.* But, unlike here, the *Robinson* court found the trial court erred in admitting the character evidence. *Id.* Therefore, because the character evidence was properly admitted, *Robinson* does not apply.

¶20.    For these reasons, this Court finds the trial court did not abuse its discretion in admitting the evidence of the incidents involving M.J. and H.D. under Rule 404(b). This issue is meritless.

> II.    *The admission of testimony about the text messages and photographs did not violate the "best-evidence rule."*

¶21.    Secondly, Strickland argues the trial court erred in allowing testimony about the missing text messages and photographs instead of physical copies. Though the State put on evidence of the reasons for not proffering the actual text messages, Strickland contends the

8

State failed to meet its burden under Rule 1002. The State counters that Strickland failed to raise this objection at trial, and, even so, the testimony did not violate the best-evidence rule.

¶22. This Court first addresses the State's procedural argument. "The supreme court has stated that 'counsel must make specific objections in order to preserve a question for appellate review. This Court has said many times that general objections will not suffice. Objections to the admissibility of evidence must specifically state the grounds; otherwise, the objection is waived.'" *Hoye v. State*, 1 So. 3d 946, 948 (¶6) (Miss. Ct. App. 2009) (quoting *Seeling v. State*, 844 So. 2d 439, 445 (¶17) (Miss. 2003)). The record indicates that Strickland failed to object to this evidence under the best-evidence rule. Strickland also admits this failure in his appellant's brief. Therefore, this issue is procedurally barred.

¶23. Strickland, however, urges this Court to consider this issue under the plain-error doctrine. "Under the plain-error doctrine, we can recognize obvious error which was not properly raised by the defendant on appeal, and which affects a defendant's 'fundamental, substantive right.'" *Smith v. State*, 986 So. 2d 290, 294 (¶10) (Miss. 2008) (citation omitted). "For the plain-error doctrine to apply, there must have been an error that resulted in a manifest miscarriage of justice or 'seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings.'" *Conners v. State,* 92 So. 3d 676, 682 (¶15) (Miss. 2012) (quoting *Brown v. State*, 995 So. 2d 698, 703 (¶21) (Miss. 2008)). Therefore, this Court will examine the merits of this issue under the plain-error doctrine.

¶24. Strickland asserts the trial court erred when it admitted testimony about the text

messages and photographs, specifically the photograph of K.W.'s penis, in lieu of the actual text messages and photographs. The best-evidence rule is found in Mississippi Rule of Evidence 1002. Rule 1002 states: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided by law." However, Rule 1004 lists several exceptions to the best-evidence rule. Rule 1004 states in part:

> The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:
>
> (1) Originals Lost or Destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or
>
> (2) Original Not Obtainable. No original can be obtained by any available judicial process or procedure; or
>
> (3) Original in Possession of Opponent. At a time when an original was under the control of the party against whom offered, he was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and he does not produce the original at the hearing[.]

M.R.E. 1004(1)-(3).

¶25. Agent Douglas, K.W., and Strickland all testified to the existence of the photograph of K.W.'s penis. While Strickland disputed the contents of the photograph, he did not deny that he received a photograph from K.W. Strickland only argues the best-evidence rule required the admission of the actual text messages and photograph rather than testimony about them. However, "[t]he best[-]evidence rule only expresses a preference for original documents, but does not preclude the admission of secondary evidence." *Watson v. State*,

10

465 So. 2d 1091, 1092 (Miss. 1985) (finding photocopy admissible in place of original letter).

¶26. The State put on evidence that the contents on K.W.'s phone were erased and could not be recovered. K.W. testified that his phone locked up and Strickland offered to unlock the phone, but warned him that the process would erase the contents of his phone. K.W. agreed to let Strickland fix the phone, which resulted in the deletion of the entire contents of the phone. Agent Douglas also testified that Strickland confirmed that he deleted the contents of K.W.'s phone.

¶27. Agent Douglas also testified that he attempted to access Strickland's phone. Agent Douglas stated that he asked Strickland for the code to his password-protected phone, Strickland gave him several different codes, and none of the codes unlocked the phone. Agent Douglas further testified that the forensic technician could not retrieve the data from K.W.'s phone or unlock Strickland's phone. Strickland argues the State should have called the technician to testify to the retrieval process in order to provide expert testimony as to the destruction of the evidence. However, Agent Douglas provided sufficient testimony on the matter to show that neither the photographs nor the text messages were accessible.

¶28. Therefore, the State put on sufficient evidence to show the loss or destruction of the messages and photograph to allow for secondary evidence in the form of testimony. For these reasons, this Court finds no error in the trial court's admission of testimony about the text messages and photographs in lieu of the actual messages and photographs. Further,

11

because this Court finds no error, the plain-error doctrine does not apply. This issue is without merit.

> III. *Strickland's counsel did not perform in a constitutionally deficient manner.*

¶29. Strickland's third assignment of error asserts that Strickland received ineffective assistance of counsel when his trial counsel, Randolph Walker, failed to object to the admission of the testimony regarding the missing text messages.

¶30. "When considering a claim of ineffective assistance of counsel, this Court must find that trial counsel's performance was deficient and that there would have been a different result in the verdict if it were not for trial counsel's deficiency." *Payton v. State*, 41 So. 3d 713, 719 (¶23) (Miss. Ct. App. 2009). "The defense counsel is presumed to have acted competently and the effectiveness of his or her efforts are determined on the basis of the totality of the circumstances." *Kirksey v. State*, 728 So. 2d 565, 567 (¶10) (Miss. 1999) (citation omitted).

¶31. Additionally, "[this] Court rarely determines issues of ineffective assistance of counsel on direct appeal unless: '(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial court.'" *Payton*, 41 So. 3d at 719 (¶23) (quoting *Graves v. State*, 914 So. 2d 788, 798 (¶35) (Miss. Ct. App. 2005)).

¶32. Strickland maintains that Walker rendered ineffective assistance when he failed to

12

object to the testimony about the missing text messages and photographs under the best-evidence rule. As previously discussed, the trial court properly admitted the testimony about the text messages and photographs. Further, "'counsel's choice[s] of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy' and will not stand as support for an ineffective assistance of counsel claim." *Jackson v. State*, 73 So. 3d 1176, 1181-82 (¶22) (Miss. Ct. App. 2011) (citations omitted). As such, Strickland failed to prove Walker acted in a constitutionally deficient manner due to his failure to object.

¶33. Also, this Court finds the record does not affirmatively show any indication of ineffective assistance of counsel. "The Mississippi Supreme Court has stated that, where the record cannot support an ineffective assistance of counsel claim on direct appeal, the appropriate conclusion is to deny relief, preserving the defendant's right to argue the same issue through a petition for post-conviction relief." *Wilcher v. State*, 863 So. 2d 719, 761 (¶162) (Miss. 2003) (quoting *Aguilar v. State*, 847 So. 2d 871, 878 (¶17) (Miss. Ct. App. 2002)). The parties here did not stipulate to the adequacy of the record for this Court to find ineffective assistance. Therefore, this Court declines to find ineffective assistance of counsel at this juncture, but preserves this issue for post-conviction-relief proceedings. This issue is without merit.

> IV.     *The trial court properly denied defense counsel's motion to withdraw and Strickland's request for appointed counsel.*

¶34. Next, Strickland argues the trial court committed error by refusing Walker's motion

to withdraw due to "philosophical and tactical differences." Strickland also assigns error in the trial court's denial of his request for appointed counsel. These actions, according to Strickland, deprived him of his constitutional right to his choice of counsel.

¶35. "The trial court has complete discretion when considering a motion to withdraw as counsel." *Hill v. State*, 134 So. 3d 721, 725 (¶15) (Miss. 2014) (citation omitted). Walker filed his motion to withdraw on August 25, 2014, fifty-three days before trial. The trial court then held a hearing on the motion on September 24, 2014, only eighteen days before trial. At the hearing, the trial court determined that counsel had been on the case since October 14, 2013, represented Strickland in two prior proceedings, and competently represented Strickland in the criminal proceeding. The trial court also noted the case had been continued four separate times. Based on these reasons, the trial court denied Walker's motion to withdraw. This decision fell within the discretion of the trial court, and the trial court did not commit error by denying counsel's motion.

¶36. Strickland also contends the trial court's actions deprived him of his choice of counsel. "An accused is granted the right to retain counsel of his choice or he may choose to have counsel appointed for him." *Id.* Though "the right to counsel is absolute, the right to counsel of choice is not absolute." *Harris v. State*, 999 So. 2d 436, 438 (¶15) (Miss. Ct. App. 2009) (citing *Atterberry v. State*, 667 So. 2d 622, 630 (Miss. 1995)).

¶37. At the hearing on the motion to withdraw, Strickland requested the appointment of new counsel after the trial court denied Walker's motion to withdraw. Strickland cited the

14

same reasoning as Walker in that the two disagreed over tactical approaches. However, Strickland did not argue other reasons for needing new counsel. "[I]n order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest[,] a complete breakdown of communication[,] or an irreconcilable conflict which leads to an apparently unjust verdict." *Taylor v. State*, 435 So. 2d 701, 703 (Miss. 1983). Though the request for new counsel occurred prior to trial, Strickland failed to assert any reason that Walker could not competently represent him or that Walker's continued representation would lead to an unfair trial.

¶38.    Further, the record indicates the trial court allowed Strickland to retain new counsel by the start of the trial if he desired. At trial, Strickland appeared with Walker and did not retain a new attorney. The record indicates that the trial court informed Strickland of his right to participate in his defense and his right to proceed with either Walker as his attorney or on his own as a pro se litigant. The trial court asked Strickland if he approved of Walker's continued representation, and Strickland replied in the affirmative.

¶39.    Further, the trial court allowed Strickland to confer with Walker after he questioned each witness and to speak to the jury as part of his defense. "While every accused has the constitutional right to be represented by an attorney, it must be balanced against the right of an accused to represent himself, that is, to present his own case pro se without an attorney." *Metcalf v. State*, 629 So. 2d 558, 562 (Miss. 1993). This balancing of representation can lead to what is known as "hybrid representation," and "a trial court may certainly permit hybrid

15

representation in its discretion." *Id.* at 563. The *Metcalf* court further noted that in hybrid representation "the primary focus must be on whether the defendant had a fair chance to present his case in his own way." *Id.* (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984)).

¶40. Strickland fully participated in his representation and enjoyed competent representation at trial. For these reasons, the trial court did not abuse its discretion in denying Walker's motion to withdraw, denying Strickland's request for appointed counsel, or allowing hybrid representation. This issue is without merit.

> V. *The trial court did not err in denying Strickland's post-trial motions.*

¶41. Lastly, Strickland argues that the trial court erred in denying his motion for a JNOV or, in the alternative, a new trial. Strickland contends the evidence was insufficient to support a finding that he committed the crime. Further, he asserts that the jury verdict was against the overwhelming weight of the evidence.

> A. *Sufficiency of the Evidence*

¶42. A motion for a JNOV challenges the legal sufficiency of the evidence. *Reed v. State*, 956 So. 2d 1110, 1111 (¶6) (Miss. Ct. App. 2007). To determine the sufficiency of the evidence, the central issue is "whether the evidence shows 'beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.'" *Conner v. State*, 138 So. 3d 158, 162 (¶8) (Miss. Ct.

16

App. 2013) (quoting *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005)).

¶43.    "When reviewing the sufficiency of the evidence, this Court must ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Miles v. State*, 956 So. 2d 349, 350 (¶6) (Miss. Ct. App. 2007) (citation omitted). Further, "when this [C]ourt reviews the sufficiency of the evidence, we consider all evidence in the light most favorable to the State." *Moore v. State*, 160 So. 3d 728, 735 (¶31) (Miss. Ct. App. 2015) (citation omitted). Therefore, this Court must determine whether the State proved, beyond a reasonable doubt, that Strickland committed the crime charged.

¶44.    Mississippi Code Annotated section 97-5-33(7) (Rev. 2014) states: "No person shall by any means, including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce[,] or order a child to produce any visual depiction of adult sexual conduct or any sexually explicit conduct." Strickland argues that the photograph did not depict sexually explicit conduct and the State's failure to produce the photograph prevented the jury from finding he violated the statute.

¶45.    Strickland first disputes that the picture contained sexually explicit conduct.

> "Sexually explicit conduct" means actual or simulated: (i) Oral genital contact, oral anal contact, or sexual intercourse as defined in Section 97-3-65, whether between persons of the same or opposite sex; (ii) Bestiality; (iii) Masturbation; (iv) Sadistic or masochistic abuse; (v) Lascivious exhibition of the genitals or pubic area of any person; or (vi) Fondling or other erotic touching of the genitals, pubic area, buttocks, anus[,] or breast.

Miss. Code Ann. § 97-5-31(b) (Rev. 2014). Strickland contends only subsection (v) could

17

apply to the picture of K.W.'s erect penis. However, he denies that the picture constituted a lascivious exhibition.

¶46. The supreme court adopted the factors outlined in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), to determine whether a visual depiction of a child constitutes a lascivious exhibition. *Hood v. State*, 17 So. 3d 548, 555 (¶17) (Miss. 2009) (citation omitted). These factors are:

> 1. whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> 2. whether the setting of the visual depiction is sexually suggestive, i.e.[,] in a place or pose generally associated with sexual activity;
>
> 3. whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> 4. whether the child is fully or partially clothed, or nude;
>
> 5. whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [or]
>
> 6. whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Id.*

¶47. *Hood* is instructive. In *Hood*, the defendant alleged that a video depicting nude male children was not sexually explicit conduct. *Id.* at 555-56 (¶18). The supreme court applied the *Dost* factors and found the video, which included multiple images that depicted only the nude genitalia of the young boys, was lascivious in nature and established sexually explicit conduct. *Id.* Thus, the supreme court affirmed the jury's verdict convicting Hood under

18

section 97-5-33(5).

¶48. Here, testimony established that the photograph of K.W. depicted only an erect penis. Looking to the *Dost* factors, the photograph focused on K.W.'s genitalia, was sexually suggestive, was fully nude, and likely was intended to elicit a sexual response from the viewer. Based on the *Dost* factors and the *Hood* decision, this Court finds the photograph did constitute sexually explicit conduct to support Strickland's conviction.

¶49. Strickland, however, asserts that the lack of an actual photograph meant the jury could not find that any sexually explicit conduct occurred. As previously stated, this Court concludes that the testimony sufficiently established the existence and content of the photograph. Therefore, Strickland's contention fails.

¶50. Looking at the sufficiency of the evidence, K.W., H.D., and M.J. testified to substantially similar encounters with Strickland. The boys all testified that they received text messages from a girl named Jordan after Strickland told them she would contact them. Each boy also testified that the text messages became sexually explicit, that Jordan sent pictures of herself, and that Jordan asked for sexually explicit pictures in return. K.W. further testified to his conversations with Strickland, described the photograph he sent Strickland, and stated that Strickland erased the contents from his phone.

¶51. Moreover, Strickland told Agent Douglas he did elicit and receive the photograph from K.W., though he stated his reason for getting the photograph was to counsel K.W. Agent Douglas also testified that Strickland admitted the Pinger account belonged to him and

19

when he called the Pinger number that K.W., M.J., and H.D. received messages from, Strickland's phone rang.

¶52. Though he disputed that he first contacted K.W., Strickland admitted to messaging K.W. Further, Strickland confirmed that he requested and received a picture of a penis, though he maintained that he neither enticed K.W. to send the picture nor could he confirm whom the photograph depicted. Strickland also denied that he attempted to elicit nude photographs from the boys for sexual purposes.

¶53. Based on this evidence, Strickland solicited a sexually explicit photograph from K.W., which meets all of the element of the crime. Considering the evidence in the light most favorable to the State, this Court finds the evidence was sufficient to support Strickland's conviction.

### B. Weight of the Evidence

¶54. Additionally, Strickland challenges the trial court's denial of his motion for a new trial. "A motion for a new trial challenges the weight of the evidence." *Shinn v. State*, 179 So. 3d 1006, 1008 (¶7) (Miss. 2015).

> When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.

*Bush*, 895 So. 2d at 844 (¶18). This Court should grant a new trial "only in exceptional cases in which the evidence preponderates heavily against the verdict." *Id.* In considering the case, "the evidence should be weighed in the light most favorable to the verdict." *Id.*

20

¶55. Strickland argues the weight of the evidence does not support the jury verdict because the absence of the photographs and text messages rendered the verdict unconscionable. Strickland, however, fails to address the multiple witnesses who testified at trial. The evidence showed Strickland posed as a young female, used a fake phone number, sent sexually explicit text messages and photographs to K.W., and received a photograph of K.W.'s erect penis. Strickland admitted to these facts in his statement to Agent Douglas, who testified to the contents of the statement, and he also failed to refute this evidence at trial.

¶56. "The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed." *Ford v. State*, 737 So. 2d 424, 425 (¶8) (Miss. Ct. App. 1999) (internal citations omitted). The jury weighed the evidence and the credibility of the witnesses. Therefore, the weight of the evidence supported the jury's verdict. As such, the trial court did not abuse its discretion in denying Strickland's motion for a new trial. This issue is meritless.

¶57. **THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT OF CONVICTION OF ENTICING A CHILD TO PRODUCE A VISUAL DEPICTION OF SEXUALLY EXPLICIT CONDUCT AND SENTENCE OF FORTY YEARS, WITH TWENTY YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TWENTY YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON, AND GREENLEE, JJ., CONCUR.**

21