# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-01078-COA

**CHARBRECIA STEVENS A/K/A CHAR'BRECIA ANDREA STEVENS**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/06/2018 |
| TRIAL JUDGE: | HON. CHRISTOPHER A. COLLINS |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SHELLY GUNN BURNS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KAYLYN HAVRILLA McCLINTON |
| | ALLISON ELIZABETH HORNE |
| DISTRICT ATTORNEY: | STEVEN SIMEON KILGORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/21/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., LAWRENCE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     Charbrecia Stevens was convicted of felony shoplifting for stealing over $3,000 in clothing.  She was sentenced to five years' imprisonment and ordered to pay a fine, court costs, and restitution.

¶2.     After reviewing the record and arguments of the parties, and after oral argument, we find that none of her assignments of error on appeal require reversal.  As a result, her conviction and sentence are affirmed.

## FACTS

¶3.     On December 17, 2015, Charbrecia Stevens and four other women entered Steve's on the Square, a clothing store located in Neshoba County. Working that day were the owner, Steve Wilkerson, and employee Tony Alexander.

¶4.     After the women left the store, Wilkerson and Alexander noticed large amounts of merchandise were missing. The police were called, and police Chief Grant Myers and Officer Fredesz Moore responded. After their arrival, the officers, along with Wilkerson and Alexander, reviewed video from the store's security camera. The footage was recorded from a number of different angles. The video showed the five women taking merchandise and handing it to each other as they walked out the door. Additionally, the video showed some of the women putting the merchandise in their purses and large bags. Alexander saved the video onto a thumb drive and gave it to Officer Moore.

¶5.     Shortly thereafter, Officer Moore unexpectedly passed away. When the case was reassigned, the thumb drive containing the security video could not be found. Chief Myers testified that he and the entire department scoured Moore's office and computer in search of the video. By the end of the search, they were only able to locate footage from one of the five angles recorded that day in the clothing store.

¶6.     Still frames from the security video were given to Crime Stoppers in an effort to identify the women in the video. Crime Stoppers generated two anonymous tips that led to Stevens' identification. An arrest warrant was then issued on January 4, 2015.

¶7.     The case was stagnant for three years—from the issuance of the arrest warrant until

a grand jury returned an indictment against Stevens on January 11, 2018.

¶8.     Stevens filed a pretrial motion to dismiss the indictment. Her argument was that the prosecution against her was time-barred by the statute of limitations and also violated her right to a speedy trial. After a hearing, where a timely arrest warrant was produced, the trial court denied the motion to dismiss.

¶9.     A suppression hearing was held to determine the admissibility of the remaining security video as well as testimony about the missing video. Stevens argued that admission of either the video or testimony would be a violation of the best evidence rule. The trial court found that the footage was lost without bad faith and that secondary evidence was admissible.

¶10.    An inventory list of the stolen items and their respective values was admitted at trial. Compiled as a receipt from Steve's on the Square, the list added up the total value of the missing merchandise, which came to $3,315.50. Alexander prepared the itemization and testified to the exact amount. The owner of the store, Wilkerson, corroborated that the value of the lost clothing was around $3,000.

¶11.    The jury found Stevens guilty. The trial court sentenced her to serve five years in the custody of the Mississippi Department of Corrections and ordered her to pay a fine, court costs, and restitution. The trial court ordered that "[u]pon release with Earned Release Supervision (E.R.S.), parole or Post Release Supervision (P.R.S.) CHARBRECIA STEVENS shall be placed in a Restitution Center until [s]he has paid [all restitution, fines, and court costs]."

**ANALYSIS**

¶12.    Stevens asserts the following errors of assignment: (1) the prosecution was barred by the statute of limitations; (2) she was denied her right to a speedy trial; (3) the trial court erred in its giving and refusing of jury instructions; (4) expert testimony was improperly admitted; (5) evidence was admitted in violation of the best evidence rule; (6) hearsay testimony was improperly admitted; and (7) her sentence exceeded the statutory maximum.

> **I.      The prosecution against Stevens was timely.**

¶13.    Stevens argues that the trial court should have granted the motion to dismiss the indictment against her, based upon an argument that the prosecution of her case was untimely.

> **A.      Stevens' prosecution was not barred by the statute of limitations.**

¶14.    The prosecution for a felony-shoplifting charge must be commenced within two years from the date of the offense.  Miss. Code Ann. § 99-1-5 (Rev. 2015).  "A prosecution may be commenced . . . by the issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense, as well as by indictment or affidavit."  Miss. Code Ann. § 99-1-7 (Rev. 2015); *see also* MRCrP 2.1(a) ("All criminal proceedings shall be commenced either by charging affidavit, indictment, or bill of information.").

¶15.    In her brief and at oral argument, Stevens argued her conviction was void because it was not commenced within the two years from the date of the offense.

¶16.    Because "statutes of limitations are questions of law, we employ a de novo standard of review with this issue." *Smoot v. State*, 780 So. 2d 660, 662 (¶6) (Miss. Ct. App. 2001).

¶17.    "While it is true that an indictment is required to prosecute one charged with a felony, our case law suggests and our statute mandates that *the process of prosecution commences prior to indictment*." *State v. Woodall*, 744 So. 2d 747, 749 (¶8) (Miss. 1999) (emphasis added). "This is true whether the prosecution involves a felony or a misdemeanor[.]" *Id*. Therefore, "[t]he issuance of an arrest warrant signals the commencement of prosecution." *Id*. at 750 (¶12).

¶18.    The shoplifting at the store occurred on December 17, 2015. Only a few days later, a warrant for Stevens' arrest was issued on January 4, 2016, and Officer Moore also executed an affidavit that Stevens committed the crime. The record on appeal did not originally contain the arrest warrant or a transcript of the hearing where the trial court denied the motion to dismiss. The issue was thoroughly explored during oral argument, and that same day the State moved to supplement the record with the three items. Stevens did not file a response in opposition to the motion to supplement. We granted the request to supplement. *See* M.R.A.P. 10(e).

¶19.    The transcript of the hearing clearly shows that the affidavit and arrest warrant were presented to the circuit judge during the hearing on the motion to dismiss. Because the prosecution began when the arrest warrant was issued on January 4, 2016, the prosecution was timely under the two-year statute of limitations. This issue is without merit.

## B. Stevens' speedy-trial claim is procedurally barred.

¶20. Stevens argues that her constitutional right to a speedy trial was violated. However, she fails to cite any authority in support of her argument. Arguments made without citation to supporting material are procedurally barred. *Hill v. State*, 215 So. 3d 518, 524 (¶10) (Miss. Ct. App. 2017); *see* M.R.A.P. 28(a)(7). Accordingly, this issue is procedurally barred.

## II. The trial court did not err in giving and refusing jury instructions.

¶21. Stevens alleges the trial court erred in granting the State's aid-and-abetting jury instruction and also in denying her requested lesser-included-offense jury instruction.

¶22. We review the decision to give or refuse a jury instruction for an abuse of discretion. *McInnis v. State*, 61 So. 3d 872, 875 (¶10) (Miss. 2011). "Jury instructions must be read as a whole to determine if they fairly announce the law, and they must be supported by the evidence." *Id*. (footnote omitted). "A court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." *Id*.

### A. The aiding-and-abetting instruction was supported by the evidence.

¶23. Stevens argues that the trial court should not have given a jury instruction on aiding and abetting. The instruction given was the model aiding-and-abetting jury instruction adopted by this State in *Milano v. State*, 790 So. 2d 179, 185 (¶21) (Miss. 2001).

¶24. Stevens does not challenge the content of the instruction; instead, she argues the instruction was not supported by the evidence.

6

¶25. Wilkerson testified at trial that Stevens and a group of women acted in concert to steal merchandise from his store. The State supported this through video and photographic evidence showing the women passing merchandise amongst themselves.

¶26. The trial court found this was sufficient evidence to support an aiding-and-abetting jury instruction. It was not an abuse of discretion to give it.

### B. The evidence did not support a lesser-included instruction.

¶27. Stevens contends that the trial court should have given the jury her lesser-included-offense jury instruction. With this instruction, the jury would have had the option to find her guilty of misdemeanor shoplifting. The requested instruction directed the jury to find Stevens guilty of misdemeanor shoplifting if it concluded that the value of the property taken was less than $1,000.[1]

¶28. "A lesser-included offense instruction should only be given after the trial court has carefully considered the evidence and is of the opinion that such an instruction is justified by the evidence." *Jasper v. State*, 858 So. 2d 149, 153 (¶21) (Miss. Ct. App. 2003) (quoting *Woodham v. State*, 800 So. 2d 1148, 1157 (¶24) (Miss. 2001)). "If the evidence does not justify submission of the lesser-included offense, the court should refuse to do so." *Lacy v.*

---

[1] The differences in the penalty for the two crimes are significant. The penalty for the first conviction of a misdemeanor carries a maximum fine of $1,000 and a term in the county jail not to exceed six months. Miss. Code Ann. § 97-23-93(5) (Rev. 2014). In contrast, the felony conviction, for purposes of this case, has the same penalty as grand larceny, which carries a maximum fine of $10,000 and a prison term of not more than five years. Miss. Code Ann. § 97-23-93(7); Miss. Code Ann. § 97-17-41(1) (Rev. 2014) (providing the penalty for grand larceny for property value ranging between $1,000 and $5,000).

7

*State*, 432 So. 2d 1205, 1206-07 (Miss. 1983) (holding that a defendant was not entitled to a lesser-included shoplifting instruction absent any evidence that the value of the clothing stolen could amount to less than $100).

¶29.    Stevens argues that the value of the stolen clothing was not conclusively proved at trial.    However, an inventory list of the stolen items and their respective values was introduced without objection at trial.  The statute prohibiting shoplifting expressly allows evidence of this kind.  "Any merchant or his agent or employee may testify at a trial as to the stated price or ownership of merchandise."  Miss. Code Ann. § 97-23-93(4). Alexander testified, and the exhibit showed, that the total value of lost merchandise was $3,315.50. Wilkerson corroborated this loss.

¶30.    Stevens failed to rebut this valuation with any evidence at all, let alone evidence contradicting the sum, or any alternative proof to support a jury instruction that the stolen clothing had a value of less than $1,000.

¶31.    Because the only proof presented at trial was that the value of the stolen clothing exceeded $1,000, the trial court properly refused the misdemeanor shoplifting instruction.

###    III.    Stevens' challenge to the admission of alleged expert testimony is procedurally barred.

¶32.    Stevens claims that the trial court erred by allowing Wilkerson to provide an expert opinion on the subject of shoplifting because he was never tendered as an expert witness. At trial, the State asked Wilkerson, "Based off your experience in being in [the] retail business for 35 years, how does the shoplifting occur?"  Stevens objected to both the

8

question and Wilkerson's detailed answer on the grounds of relevance and undue prejudice. However, Stevens did not object on the basis that the question called for an expert opinion.

¶33. "[A]n objection must be made with specificity to preserve error for appeal[.]" *McClain v. State*, 929 So. 2d 946, 950 (¶7) (Miss. Ct. App. 2005). A trial judge cannot cure an error "on a matter which was not presented to him for decision." *Darrell v. State*, 270 So. 3d 49, 56 (¶20) (Miss. Ct. App. 2018) (quoting *Holmes v. State*, 798 So. 2d 533, 537 (¶16) (Miss. 2001)). "If the objection on appeal differs from the objection at trial, the issue is not properly preserved for appellate review." *City of Natchez v. Jackson*, 941 So. 2d 865, 871 (¶14) (Miss. Ct. App. 2006). "Such failure [to object with specificity] waives objection to expert or opinion evidence[.]" *Id*.

¶34. Stevens' failure to object on the ground that Wilkerson was not qualified as an expert in the area of shoplifting waives the argument on appeal. Accordingly, this issue is procedurally barred.

### IV. Admission of the remaining security footage and testimony about the missing footage did not violate the best evidence rule.

¶35. Stevens argues that the trial court erroneously allowed the remaining security footage and testimony about the missing footage in violation of the best evidence rule.

¶36. "A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence." *Strickland v. State*, 220 So. 3d 1027, 1032 (¶9) (Miss. Ct. App. 2016). "Unless the judge abuses this discretion so as to be prejudicial to the accused, the Court will not reverse this ruling." *Id*.

9

¶37. A party who seeks to prove the contents of a writing, recording, or photograph must either produce the original or provide an acceptable excuse for its absence. *Id*. at 1035 (¶24); *see* M.R.E. 1002. One such acceptable excuse is that the original was lost or destroyed without bad faith. M.R.E. 1004(a).

¶38. We have previously found no error in allowing secondary evidence in the form of oral testimony where it was sufficiently shown that the loss or destruction of the original evidence was without bad faith by the proponent. *Strickland*, 220 So. 3d at 1036 (¶28) (finding no error where officer testified to the contents of missing text messages and photographs).

¶39. After responding to the shoplifting call, Chief Myers and Officer Moore reviewed the store's surveillance footage with Wilkerson and Alexander. Alexander then saved the video onto a thumb drive, which he gave to Officer Moore.

¶40. Months later, Officer Moore unexpectedly passed away, and the case was reassigned. Chief Myers testified that he and the entire police department conducted an exhaustive search to locate the thumb drive with the security footage. Unfortunately, only footage from one angle of the five cameras was found. Myers testified he had not personally deleted the video, nor was he aware of any of the officers assigned to the case having done so. The trial court found that the original footage was lost without bad faith and allowed the remaining footage into evidence along with testimony

¶41. Because it was sufficiently shown that the security footage with was lost without bad faith, we find that the trial court did not abuse its discretion in admitting the remaining video

footage and testimony about the missing footage into evidence.

¶42.    Relatedly, Stevens argues that she should have received an "adverse inference instruction" due to the State's loss of some of the footage from other angles. Yet "a defendant is not entitled to a spoliation instruction absent evidence that the State destroyed the evidence with an intent to suppress the truth." *Roberson v. State*, 199 So. 3d 660, 666 (¶25) (Miss. 2016). Because there is no evidence of bad faith in the loss of the footage, a spoliation instruction would not have been warranted.

## V.    The trial court did not err by allowing Chief Myers' testimony.

¶43.    At trial, Chief Myers testified that he was able to identify Stevens via tips received from Crime Stoppers. Although she did not object at trial, Stevens now argues that the testimony was unduly prejudicial hearsay and that the trial court committed plain error by allowing it into evidence.

¶44.    "Because there was no objection, reversal is unwarranted absent plain error." *Keithley v. State*, 111 So. 3d 1202, 1204 (¶8) (Miss. 2013). "To constitute plain error, the trial court must have deviated from a legal rule, the error must be plain, clear or obvious, and the error must have prejudiced the outcome of the trial." *Id*.

¶45.    Our Supreme Count addressed the same issue in *Keithley*. *Id*. In that case, an officer testified that they identified the defendant through anonymous tips. *Id*. The Court found no plain error because the officer "did not testify that the two people who identified [the defendant] . . . were eyewitnesses . . . [and] did not convey any statements or assertions made

11

by the two anonymous people, either directly or indirectly, and [they] did not reveal the substance of [their] conversation with them." *Id*. at (¶9). The Court held that "if the apparent purpose [of the testimony] is to inform the jury of the content or import of an out-of-court statement, it should be treated as any other hearsay." *Id*. at 1205 n.1.

¶46. Just as in *Keithley*, Officer Myers did not testify to the substance or content of the Crime Stoppers' tips. Nor did he testify that the tips indicated Stevens' guilt. Accordingly, we find no plain error in allowing the testimony.

**VI. Stevens' sentence does not exceed the statutory maximum.**

¶47. Stevens argues that her sentence impermissibly exceeded the statutory maximum for felony shoplifting.

¶48. "[T]he circuit court has complete discretion in imposing a sentence, and the sentence will not be subject to appellate review if it is within the limits prescribed by statute." *Williams v. State*, 24 So. 3d 360, 365 (¶12) (Miss. Ct. App. 2009) (internal quotation mark and brackets omitted). "Consequently, a sentence that does not exceed the maximum period usually will not be disturbed on appeal." *Id*. (internal quotation mark omitted).

¶49. Stevens was sentenced to serve five years in prison, ordered to pay a fine of $2,500, pay court costs, and to make restitution to the store in the amount of $663.10. On its face, this sentence does not surpass the maximum penalty set out in Mississippi Code Annotated section 97-17-41(a).

¶50. Instead, Stevens' concern is focused on how the trial court ordered restitution to be

12

paid and the risks for failure to pay. The subsequent line in the sentencing order reads that "[u]pon release with Earned Release Supervision (E.R.S.), parole or Post Release Supervision (P.R.S.) CHARBRECIA STEVENS shall be placed in a Restitution Center until [s]he has paid" any amounts of the remaining $3,163.10 in fines. Stevens argues there is a worst-case scenario that could lead to an impermissible extension of her sentence beyond the five years' incarceration maximum—specifically, that she might serve the five-year maximum sentence and then be incarcerated beyond the five-year maximum sentence until she pays off the fines.

¶51. First, this unlikely scenario has already been avoided in this case. During oral argument, the State noted that Stevens had already been released from incarceration, and counsel for Stevens explained she was "released after the briefing closed."

¶52. Second, the order only sends Stevens to a restitution center *if* she is released on Earned Release Supervision or some other form of early release. State law provides that "[a]ny inmate, who is released before the expiration of his term of sentence under this section, shall be placed under earned-release supervision *until the expiration of the term of sentence*." Miss. Code Ann. § 47-5-138(6) (Rev. 2015) (emphasis added); *see Sobrado v. State*, 168 So. 3d 1114, 1119 (¶18) (Miss. Ct. App. 2014) (While an inmate is "on ERS, [she is] classified as an inmate under the exclusive jurisdiction of the MDOC."). Accordingly, if Stevens were released on Earned Release Supervision, any remaining time she served in a restitution center cannot exceed her statutory maximum sentence under state law.

13

¶53.   Because the sentencing order does not require Stevens to be incarcerated beyond the statutory maximum, it is affirmed.

## CONCLUSION

¶54.   The conviction and sentence in this case are **AFFIRMED**.

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**